UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WASHTENAW COUNTY EMPLOYEES' RETIREMENT SYSTEM, on Behalf of Itself and All Others Similarly Situated<br><br>                Plaintiff,<br><br>vs.<br><br>THE PRINCETON REVIEW, INC., et al.,<br><br>                Defendants. | No. 1:11-cv-11359-RGS<br><br>CLASS ACTION<br><br>MEMORANDUM OF LAW IN SUPPORT OF WASHTENAW COUNTY EMPLOYEES' RETIREMENT SYSTEM'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL |

653782_1

Washtenaw County Employees' Retirement System ("Washtenaw") respectfully submits this memorandum of law in support of Washtenaw's motion for an order: (1) appointing Washtenaw as lead plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4, *et seq.*; and (2) approving Washtenaw's selection of Robbins Geller Rudman & Dowd LLP ("Robbins Geller") as lead counsel for the class and Hutchings, Barsamian, Mandelcorn & Zeytoonian, LLP ("Hutchings") as liaison counsel for the class.

## I.    INTRODUCTION

Presently pending in this District is a securities class action lawsuit brought on behalf of all purchasers of The Princeton Review, Inc. ("Princeton Review" or the "Company") common stock acquired the common stock of Princeton Review in or traceable to the Company's offering of securities on or about April 15, 2010 (the "Offering"), as well as purchasers of the Company's common stock between March 12, 2009 and March 11, 2011, inclusive (the "Class Period"), under Sections 11, 12(a)(2) and 15 of the Securities Act of 1933 ("Securities Act") and Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), as amended by the PSLRA, and Rule 10b-5 promulgated thereunder (17 C.F.R. §240.10b-5).[1]

The PSLRA requires the Court to "appoint the most adequate plaintiff as lead plaintiff for the consolidated actions." *See* 15 U.S.C. §78u-4(a)(3)(B)(ii).  The lead plaintiff is the class member "that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. §78u-4(a)(3)(B)(i).  Washtenaw should be appointed lead plaintiff because it: (1) timely filed its motion; (2) to its counsel's knowledge, has the largest financial interest in the

---

[1]    The PSLRA's lead plaintiff provisions amended both the Securities Act and the Exchange Act in virtually identical ways. *Compare* 15 U.S.C. §77z-1(a)(3) *with* 15 U.S.C. §78u-4(a)(3). For simplicity and consistency, only the lead plaintiff provisions in the Exchange Act are cited herein.

relief sought by the class; and (3) will fairly and adequately represent the interests of the class. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii). In addition, Washtenaw's selection of Robbins Geller as lead counsel and Hutchings as liaison counsel for the class should be approved. *See* 15 U.S.C. §78u-4(a)(3)(B)(v).

## II.    FACTUAL BACKGROUND

Princeton Review provides integrated classroom-based print and online products and services to the high school and post-secondary markets in the United States and internationally.

During the Class Period, defendants issued materially false and misleading statements regarding the Company's business and prospects. Specifically, defendants misrepresented and/or failed to disclose the following adverse facts: (i) that the Company's revenues and earnings were negatively impacted by increased competition in its marketplace, including from companies with lower cost offerings; (ii) that a number of significant operational problems existed at the Company that negatively impacted its business; (iii) that the Company had shifted its focus, and a significant amount of resources, away from its core higher education readiness and Penn Foster core businesses in pursuit of unproven projects to the detriment of its business, financial performance and prospects; (iv) that contrary to the Company's public statements, the Company was not executing well on its turn-around plan; (v) that the Company had encountered significant problems in the higher education readiness business due to a product mix shift and increased competition; and (vi) that, as a result of the foregoing, defendants' positive statements about the Company were lacking in a reasonable basis of fact and were materially false and misleading when made.

On March 9, 2011, the Company announced that Princeton Review's President and Chief Executive Officer ("CEO"), defendant Michael Perik, resigned and that the Board appointed John M. Connolly as Interim President and CEO. That same day, Princeton Review issued a press release

- 2 -

announcing its financial results for the fourth quarter and full year 2010.  For the full year 2010, loss from continuing operations was $50.4 million, compared to a loss of $13.9 million in 2009.

Following these announcements, the price of Princeton Review stock declined 37.80% to $0.51 per share on March 10, 2011, and then declined another 23.53% on March 11, 2011, to close at $0.39 per share on very heavy volume.

## III.   ARGUMENT

### A.   Washtenaw Should Be Appointed Lead Plaintiff

The PSLRA establishes a procedure for the appointment of a lead plaintiff in "each private action arising under [the Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(1).  First, the pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than twenty days after filing of the first complaint.  15 U.S.C. §78u-4(a)(3)(A)(i).  Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person or group of persons that –

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii).  Washtenaw meets each of these requirements and should therefore be appointed as lead plaintiff.

#### 1.   Washtenaw's Motion Is Timely

The July 29, 2011, notice published in this action advised class members of the pendency of the action, the alleged claims, the Class Period, and the option of moving the Court to be appointed as lead plaintiff within 60 days of July 29, or September 27, 2011.  *See* Declaration of Theodore M.

- 3 -

Hess-Mahan in Support of Washtenaw County Employees' Retirement System's Motion for Appointment as Lead Plaintiff and Approval of Selection of Counsel ("Hess-Mahan Decl."), Ex. A. This Motion is therefore timely filed and Washtenaw is entitled to be considered for appointment as lead plaintiff.

### 2. Washtenaw Possesses the Largest Financial Interest in the Relief Sought by the Class

During the Class Period, Washtenaw purchased more than 12,200 shares and suffered approximately $30,000 in losses as a result of defendants' alleged misconduct. *See* Hess-Mahan Decl., Ex. B. To the best of its counsel's knowledge, there are no other applicants who have sought appointment as lead plaintiff who have a larger financial interest. Therefore, Washtenaw satisfies the PSLRA's prerequisite of having the largest financial interest.

### 3. Washtenaw Satisfies Rule 23's Typicality and Adequacy Requirements

In addition to having the largest financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Rule 23 requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class; and [that] the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(3)-(4); *Leech v. Brooks Automation, Inc.*, No. 06-11068-RWZ, 2006 U.S. Dist. LEXIS 90153, at *12 (D. Mass. Dec. 13, 2006) (focusing on the typicality and adequacy prongs at the lead plaintiff stage). Rule 23 of the Federal Rules of Civil Procedure requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class; and [that] the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(3)-(4). "In determining whether plaintiff meets the 'typicality' requirement of Rule 23, courts consider 'whether the circumstances of

the movant with the largest losses are markedly different or the legal theory upon which the claims [of that movant] are based differ[] from that upon which the claims of other class members will perforce be based.'" *Leech*, 2006 U.S. Dist. LEXIS 90153, at *8 (citation omitted). "Whether plaintiff meets the 'adequacy' requirement of Rule 23 depends on a determination that plaintiff 'has the ability and incentive to represent the claims of the class vigorously, [that it] has obtained adequate counsel, and [that] there is [no] conflict between [plaintiff's] claims and those asserted on behalf of the class.'" *Id.* (citation omitted). Washtenaw satisfies these requirements at this stage of the litigation.

Washtenaw has submitted a sworn certification confirming its willingness, desire and ability to serve as lead plaintiff. *See* Hess-Mahan Decl., Ex. B. Like all class members, Washtenaw purchased Princeton Review stock during the Class Period at allegedly inflated prices and suffered damages as a result of defendants' alleged misconduct. *Id.* Washtenaw's significant loss further indicates its incentive to represent the claims of the class vigorously. *Id.* Moreover, Washtenaw is not subject to unique defenses and is not aware of any conflicts between its claims and those asserted by the class. Finally, as discussed below, Washtenaw selected qualified counsel experienced in securities litigation.

Washtenaw's common interests shared with the class, significant losses suffered and selection of qualified counsel demonstrate its satisfaction of the Rule 23 requirements at this stage.

**B.     The Court Should Approve Washtenaw's Selection of Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). "'Courts typically do not disturb a lead plaintiff's choice of counsel unless doing so is necessary to protect the interests of the class.'" *Leech*, 2006 U.S. Dist. LEXIS 90153, at *12 (citation omitted); 15 U.S.C. §78u-

- 5 -

4(a)(3)(B)(iii)(II)(aa).  Washtenaw selected Robbins Geller as lead counsel and Hutchings as liaison counsel in this case.  *See* Hess-Mahan Decl., Exs. C, D.

Robbins Geller, a 180-lawyer firm with offices nationwide, is actively engaged in complex litigation, particularly securities litigation.  Hess-Mahan Decl., Ex. D.  District courts throughout the country have noted Robbins Geller's reputation for excellence, resulting in the appointment of Robbins Geller attorneys to lead roles in hundreds of complex class action securities cases.  *See, e.g.*, *In re Cooper Cos. Sec. Litig.*, 254 F.R.D. 628, 636 (C.D. Cal. 2009) (Carney, J.) (noting that it was "undisputable" that Robbins Geller lawyers have "extensive experience prosecuting suits of this nature"); *In re Enron Corp. Sec.*, 586 F. Supp. 2d 732, 797 (S.D. Tex. 2008) (Harmon, J.) (commenting that the "experience, ability, and reputation of the attorneys of [Robbins Geller] is not disputed; it is one of the most successful law firms in securities class actions, if not the preeminent one, in the country").

As such, the Court may be assured that in the event this Motion is granted, the members of the class will receive the highest caliber of legal representation available from Robbins Geller and Hutchings.  Accordingly, Washtenaw's selection of counsel should be approved.

## IV.     CONCLUSION

Washtenaw has satisfied each of the PSLRA's requirements for appointment as lead plaintiff and respectfully requests that the Court appoint Washtenaw as Lead Plaintiff, approve its selection of lead and liaison counsel, and grant such other relief as the Court may deem just and proper.

DATED:  September 27, 2011                    Respectfully submitted,

HUTCHINGS, BARSAMIAN, MANDELCORN
  & ZEYTOONIAN, LLP
THEODORE M. HESS-MAHAN


                         s/THEODORE M. HESS-MAHAN
                         THEODORE M. HESS-MAHAN

110 Cedar Street
Wellesley Hills, MA  02481
Telephone:  781/431-2231
781/431-8726 (fax)
thess-mahan@hutchingsbarsamian.com

[Proposed] Liaison Counsel

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
EVAN J. KAUFMAN
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
ekaufman@rgrdlaw.com

- 7 -

653782_1

ROBBINS GELLER RUDMAN
   & DOWD LLP
DARREN J. ROBBINS
BRIAN O. O'MARA
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
darrenr@rgrdlaw.com
bomara@rgrdlaw.com

[Proposed] Lead Counsel for Plaintiff

VANOVERBEKE MICHAUD &
   TIMMONY, P.C.
MICHAEL J. VANOVERBEKE
THOMAS C. MICHAUD
79 Alfred Street
Detroit, MI  48201
Telephone:  313/578-1200
313/578-1201 (fax)
mvanoverbeke@vmtlaw.com
tmichaud@vmtlaw.com

Additional Counsel for Plaintiff

- 8 -

## CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on September 27, 2011.

**/s/Theodore M. Hess-Mahan**
Theodore M. Hess-Mahan